■ INSTRUCTIONAL TELEVISION CORP. et al., Appellants, v. NATIONAL BROADCASTING COMPANY, INC., et al., Respondents.— In an action for breach of contract, for recovery in *quantum meruit*, for intentional interference with the contract and for conspiracy to unlawfully appropriate plaintiffs' ideas, plaintiffs appeal from an order of the Supreme Court, Kings County, dated December 4, 1973, which granted defendants' motion to compel arbitration. Order affirmed, with $20 costs and disbursements. On October 16, 1969, plaintiff Instructional Television Corp. (Instructional), acting through plaintiff Selven F. Feinschreiber, its president and majority shareholder, and defendant NBC Educational Enterprises, Inc., (Educational), entered into a contract. It was therein agreed that Instructional would aid Educational in securing and in expediting the carrying out by Educational of "management service arrangements for instructional educational television production centers and related activities servicing the requirements of any of the 50 states, insular territories and possessions of the United States, the Commonwealth of Puerto Rico, political subdivisions thereof and/or quasi-governmental public corporations, public and private schools and educational institutions in the foregoing areas." The contract contained an arbitration clause whereby it was agreed that in the event that any controversies arose relating to it, either party thereto could submit any unresolved questions of fact to arbitration. The clause reads as follows: " It is agreed that, in the event that any controversies arise between the parties with regard to any provisions of this agreement or any matters relating thereto, the parties will discuss the same in good faith with each other. Any unresolved questions of fact, as distinguished from questions of law, shall at the behest of either party be submitted to arbitration." Representatives of the parties met on several occasions in an effort to resolve their disputes under the contract. However, such efforts were unsuccessful and thereafter, without demanding arbitration, plaintiffs instituted the contract action against defendants. Defendants then moved to compel arbitration and such motion was granted. Plaintiffs argue that there was no valid agreement to submit the dispute to arbitration, or alternatively, the arbitration clause was unworkable and should not be enforced. The thrust of this argument is that there is no arbitration clause because said clause provides that only unresolved questions of fact are to be for the arbitrator while questions of law remain for the court. This, it is contended, leaves too much for the courts and is therefore ineffective and unworkable. There is no merit to such contention. Generally, parties are free to write arbitration clauses as broadly or as narrowly as they choose (*Matter of Raisler Corp. [New York City Housing Auth.]*, 32 N Y 2d 274). Further, arbitration is by consent and those who agree to arbitrate should be made to keep their written promises (*Matter of Grayson-Robinson Stores [Iris Constr. Corp.]*, 8 N Y 2d 133). In this instance the parties agreed to arbitrate only issues of fact and they should be bound by their agreement. Such an agreement, whereby the parties agree to submit to arbitration only some of the disputes,

that may arise between them, is not uncommon (see *A-1 Camp Chair Serv. Co. v. Crow Constr. Co.*, 24 A D 2d 623). Also, there is no basis for plaintiffs' claim that the arbitration provision of the contract is unworkable. The submission of the arbitrator's findings of fact to the court for determination of questions of law is, in effect, the commencement of an action on submitted facts (CPLR 3222, subd. [a]). We have considered the other points raised by plaintiffs and find them to be without merit. Hopkins, Acting P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.